IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CASE NO. 1:19-CR-00147-001 |
| Plaintiff, | ) |
| vs. | ) JUDGE JOHN R. ADAMS |
| JOSEPH P. GRAY, JR. | ) |
| Defendant. | ) **DEFENDANT'S SENTENCING MEMORANDUM** |

NOW COMES the Defendant, Joseph P. Gray, Jr., by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

Respectfully submitted,

s/Damian A. Billak
**DAMIAN A. BILLAK (#0065274)**
*ATTORNEY FOR DEFENDANT*
Creekside Professional Centre
Bldg. F, Suite 100
6715 Tippecanoe Road
Canfield, OH 44406
Phone: 330-702-2000
Fax: 330-702-2970
E-mail: dbillak@billaklaw.com

## CERTIFICATE OF SERVICE

This is to certify that on November 27, 2019, a copy of the foregoing *Defendant's Sentencing Memorandum* was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/Damian A. Billak
**DAMIAN A. BILLAK (#0065274)**
*ATTORNEY FOR DEFENDANT*

# MEMORANDUM

## I. PERSONAL HISTORY

Joseph P. Gray, Jr. is 30 years old and single. He has three minor children from a previous relationship. He is very involved in his children's lives and has a great relationship with them. Mr. Gray was raised by his mother and father, along with four siblings, in a very healthy and stable environment. He has resided with his parents for the past several years, and after his arrest in this case, they continue to be a strong source of family support to him. Mr. Gray acknowledges a history of substance abuse. He believes his substances abuse clouded his judgment and, while not an excuse, contributed greatly to his unlawful conduct. He participated in drug treatment while incarcerated in 2018 and believes he could further benefit from substance abuse counseling as well as vocational training.

## II. STATEMENT OF THE CASE

Mr. Gray accepted responsibility for his actions by entering a guilty plea to several Counts of the Indictment and has provided a heartfelt statement to the Court in the Presentence Report.

## III. LAW AND ARGUMENT

### A. Current State of Sentencing Law in the Wake of *United States v. Booker* and its Progeny

Sentencing procedure underwent a fundamental change with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas the Federal Sentencing Guidelines previously were virtually mandatory in nature, today they are "effectively advisory" in all cases. *Id.* at 245. The net result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("It is

worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).")

The Supreme Court's directive that district courts are to impose sentences in light of ***all*** of the sentencing criteria set forth in § 3553 was made clear in its recent decision in *Gall v. United States*, 128 S. Ct. 586 (2007). In *Gall*, the Court established the following procedure that district courts are to follow when imposing sentence:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id*. at 596-597; *see also United States v. Gossman*, 513 F.3d 592, 596 (6th Cir. 2008) ("*Gall* shows that the sentencing process involves an exercise in judgment, not a mathematical proof...").

Importantly, the "sufficient but not greater than necessary" standard of § 3553 test is no mere guideline. Rather, it sets an independent upper limit on the sentence that may be imposed by a Court.

    **B.**    **Guideline Calculations**

Based upon the Pre-Sentence Report, Mr. Gray's Base Offense Level is 32. A three level reduction – two levels for acceptance of responsibility and one level pursuant to U.S.S.G. §3E1.1(b) – is expected, for a Total Offense Level of 29, and a Criminal History Category VI prior to any other adjustments.

4

  C. **Application of the Statutory Sentencing Criteria**

    1. **§3553(a)(1) – Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

The circumstances under which the offense occurred will never reoccur. Mr. Gray recognizes the seriousness of the offense and the impact his actions have on other individuals, his young children and his family and desires to lead a law-abiding life. Mr. Gray recognizes and desires his need for education and job-skill training as well as substance abuse treatment.

    2. **§3553(a)(2)(A) – Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

This Court is free to exercise the substantial discretion afforded to it under *Gall* to fashion an appropriate sentence.

It is necessary to incarcerate to promote respect for the law and to provide just punishment, but it is requested the length of incarceration be tailored as to not be greater than necessary.

    3. **§3553(a)(2)(D) – Provide Education, Training, and Care for the Defendant**

Mr. Gray attended Glenville High School in Cleveland, Ohio, but left after the 10th grade. Mr. Gray earned his GED in 2009. Mr. Gray desires to pursue and earn a college degree. Prior to his arrest, he was trying to start his own construction business. Mr. Gray will benefit from further education, employment training, or care that may be obtained during incarceration and while on supervised release.

    4. **§3553(a)(4) & (5) – Sentencing Guideline Considerations and Policy Statements**

Mr. Gray is requesting a reasonable sentence of incarceration. It is respectfully requested that this Honorable Court consider his family obligations in applying an appropriate sentence as well as the need for vocational training and substance abuse treatment.

### a. Family Ties and Responsibilities

U.S.S.G. § 5H1.6 permits the Court to consider Mr. Gray's family ties and responsibilities when considering an appropriate sentence within the applicable guideline range. Mr. Gray has strong and supportive bonds with his parents and children. His mother and father remain supportive of him in these difficult times.

### IV. CONCLUSION

Mr. Gray is deeply remorseful, ashamed, and embarrassed by his conduct. He poses minimal risk of future offense. He has been punished by having plead guilty and the trauma it has caused him and his family and recognizes, at his age, that he has the opportunity to leave this lifestyle behind and become a productive member of society, and realizes the harm he has caused.

For the foregoing reasons, counsel prays this Court consider as punishment a reasonable term of incarceration coupled with any other conditions determined appropriate following release.

Respectfully submitted,

s/Damian A. Billak
**DAMIAN A. BILLAK (#0065274)**
*ATTORNEY FOR DEFENDANT*
Creekside Professional Centre
Bldg. F, Suite 100
6715 Tippecanoe Road
Canfield, OH 44406
Phone: 330-702-2000
Fax: 330-702-2970
E-mail: dbillak@billaklaw.com